

**ORDERED in the Southern District of Florida on January 23, 2019.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

---

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

In Re:

ROSELI MABEN ADAMS BURSTEIN,     Case No. 18-24164-RAM

    Debtor.     Chapter 7

_____/

### ORDER GRANTING YAMAHA MOTOR FINANCE CORPORATION, USA MOTION TO LIFT AUTOMATIC STAY

THIS CAUSE came on for consideration upon the Motion to Lift Automatic Stay [Docket No. 16] filed by YAMAHA MOTOR FINANCE CORPORATION, USA (hereinafter "YAMAHA") and the movant by submitting this form of order having represented that the motion was served on all parties required by Local Rule 4001-1, that the 14-day response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the motion, and that [either] the form of order was attached as an exhibit to the motion [or] the relief to be granted in this order is the identical relief required in the motion. Therefore, the Court finds that cause exists for the relief sought, and that the Motion should be granted. Accordingly it is

ORDERED AS FOLLOWS:

1.      The Motion to Lift Automatic Stay filed by YAMAHA is GRANTED, and the stay under 11 U.S.C. Section 362 is modified to permit YAMAHA to repossess or otherwise enforce its security interest in the aforesaid property described as a **2017 WAVE RUNNER EX, VIN: YAMA1568L617 and 2017 ROCKET TRAILER, VIN:  4WMA4BG1XHA013418.**

2.      The Order lifting the automatic stay is entered for the sole purpose of allowing YAMAHA to obtain an in rem judgment against the property, provided that YAMAHA shall not seek or obtain an in personam judgment against the Debtor.

3.      The 14 day stay period pursuant to Bankruptcy Rule 4001(a)(3) is waived, and YAMAHA may immediately enforce and implement this Order.

4.      The stay is further modified to authorize the movant to exercise its contractual, state and common law remedies  relating to the collateral, including authorization to give all notices and take such action as necessary to protect its rights to file or amend its claim to assert any deficiency remaining on the sale of the collateral.

5.      Consistent with the Debtor's Statement of Intention, the Debtor shall surrender the above-referenced collateral directly to the Creditor or otherwise make the collateral available to the Creditor.  The Court reserves jurisdiction to enter an appropriate order in the event the Debtor fails to do so.

###

Submitted by:
David E. Hicks, Esq.
Kelley Kronenberg Attorneys at Law
1511 N. Westshore Blvd., Suite 400
Tampa, FL 33607
(813) 223-1697 (phone)
(813) 433-5275 (fax)
E-mail: dhicks@kelleykronenberg.com

Copies to:

Roseli Maben Adams Burstein, 10521 SW 45th Street, Miami, FL 33165

Edward Freire, Esq., 10647 N Kendall Drive, Miami, FL 33176

Soneet  Kapila, Trustee, P.O. Box 14213, Ft. Lauderdale, FL 33302

Office of the U.S. Trustee, 51 S.W. 1st Ave., Suite 1204, Miami, FL 33130

(Attorney Hicks is directed to serve copies of this order on the parties listed and file a certificate of service.)